UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 17 2015

| | |
|---|---|
| JENNIFER LYNN STOCK,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>A DELAWARE CORPORATION,<br><br>Defendant. | 4:14-CV-04074-RAL<br><br>ORDER GRANTING IN PART AMENDED<br>MOTION TO COMPEL DISCOVERY |

On June 23, 2015, Defendant filed an Amended Motion to Compel Discovery. Doc. 34. Defendant raised four general issues with Plaintiff's discovery responses: 1) Plaintiff's continual objections to discovery requests as seeking expert opinions; 2) Plaintiff's failure to produce a privilege log; 3) Plaintiff's alleged refusal to produce items removed from her car at the scene, which perhaps is just the "vehicle registration card from the glove box;" and 4) Plaintiff's refusal to produce any discovery on any possible "collateral source." Doc. 35. Plaintiff responded opposing Defendant's Amended Motion to Compel by asserting that Defendant failed to abide by meet-and-confer requirements, by attributing the generality of some of her answers to being in the early stages of discovery and by defending her discovery responses. Doc. 40. Defendant has filed a Reply Brief. Doc. 45.

This Court has set a hearing in this case for September 30, 2015, but is prepared to rule on core issues framed by the motion and opposition to the motion. This ruling likely does not avoid the need for a hearing, but should assist in resolving any lingering issues at that hearing.

1

First, the peculiar circumstances giving rise to the Amended Motion to Compel Discovery and the correspondence between counsel leading up to the filing of the motion justify excusing a more formal meet-and-confer. Moreover, requiring such a meet-and-confer prior to a ruling from this Court likely would be futile given the positions staked out in the briefing.

Second, Plaintiff's objections to discovery requests as seeking expert opinions are overruled. Plaintiff appears to have responded in such a manner because she had just hired new counsel and had done little discovery at the time. Plaintiff did answer discovery responses despite making that objection, but did so in a general manner in several instances. Now that her counsel has been involved for several months and Plaintiff's expert disclosure should have been made, Plaintiff rightfully should supplement her discovery responses omitting any such objection.

Third, there appears to be only one document asserted to be privileged for which Defendant wants a privilege log. This document consists of notes Plaintiff made ostensibly for her lawyer. If these notes were made for the purpose of communicating with her lawyer, they likely are privileged. If these notes were not made for that purpose but simply were later provided to her lawyer, they would not be privileged. Rather than requiring a privilege log for a single document, the Court wants to review the document in camera at the September 30 hearing to assist in deciding the ultimate issue—whether the document is discoverable or not.

Fourth, the vehicle registration card taken from the glove box, while of attenuated relevance, is discoverable and a copy of it should be produced.

Fifth, Plaintiff's blanket refusal to provide any information on any collateral source based on Cruz v. Groth, 2009 SD 19, 764 N.W.2d 810, is mistaken. No doubt, collateral source evidence generally is inadmissible at trial in a case of this nature. However, the very case that Plaintiff cites for her objection recognizes that there may be instances at trial where collateral source information becomes admissible. Id at ¶¶ 11, 13, 763 N.W.2d at 813–14 ("Still, the rule should not constitute an absolute bar to the admission of collateral source evidence."). The scope of discovery under Rule

26(b) is extremely broad. Fed. R. Civ. P. 26(b); see Black Hills Molding, Inc. v. Brandon Holdings, LLC, 295 F.R.D. 403 (D.S.D. 2013); Poulos v. Summit Hotel Properties, LLC, 2010 WL 2640396 (D.S.D. July 1, 2010). "[R]elevant evidence need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011). Here collateral source evidence, though typically inadmissible, could become admissible if Plaintiff is malingering or if Plaintiff were, for example, to testify that she did not seek additional treatment because she could not afford it. See Cruz, 2009 SD at ¶11, 763 N.W.2d at 813–14.

Therefore, it is hereby

ORDERED that Defendant's Amended Motion to Compel Discovery, Doc. 34, is granted in part to the extent that, consistent with this Order, Plaintiff shall serve supplemental discovery responses by September 28, 2015, providing an electronic signed copy and attachments to Defendant's counsel by 3:00 p.m. on that day. It is further

ORDERED that counsel meet at the United States Courthouse or by telephone immediately before the September 30, 2015 hearing to resolve any lingering discovery disputes, if they can. It is further

ORDERED that at the September 30 hearing this Court will address any remaining issue that Defendant has with the discovery responses and view the Plaintiff's notes in camera to evaluate whether they are discoverable.

DATED this 16th day of September, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE